**Gilbert GRAHAM, Plaintiff,**

v.

**Michael MUKASEY et al., Defendants.**

**Civil Action No. 03–1951 (RWR).**

United States District Court, District of Columbia.

Jan. 22, 2008.

or that it would be prejudiced if this Court permitted Centinela to withdraw and amend.

Gilbert M. Graham, Hughesville, MD, pro se.

Benton Gregory Peterson, Assistant United States Attorney, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Gilbert Graham, pro se plaintiff in this action against the Attorney General[1] and others alleging race discrimination, objects under Fed.R.Civ.P. 72(a) to Magistrate Judge Deborah Robinson's order that denied his motion for sanctions and for an in camera review of documents containing information that defendants redacted or withheld on the basis of privilege. Because Graham has not shown that the magistrate judge's order was clearly erroneous or contrary to law, Graham's motion will be denied.

### BACKGROUND

In response to some of Graham's discovery requests, defendants withheld information under a claim of privilege or other protection. Specifically, defendants claimed attorney client privilege to withhold the FBI counsel's entire file on Graham's prior civil action against the FBI. Defendants produced to Graham a privilege log regarding that file (Opp'n to Mot. for Reconsideration ("Opp'n") at 4–5), about which he makes no apparent complaint. In all other instances involving

1. Attorney General Michael Mukasey is substituted as a defendant in place of former Attorney General Alberto Gonzales. *See* Fed.R.Civ.P. 25(d).

privileged or protected information, defendants produced the redacted document with an explanatory sheet attached to it bearing a code. The code corresponds to an explanation on a list of twenty reasons that justify and describe the type of information being withheld. This list, developed by the FBI for use in this sort of situation, is referred to by the parties here as "the FBI deletion codes." (*See* Opp'n, Ex. 1, "FBI Deletion Codes".) Among the reasons listed on the FBI deletion codes are things such classified information, the identity of an informant, and information divulged in secret grand jury proceedings. (*Id.*) Graham also bases his motion for sanctions on what he perceives to be disingenuous and inadequate responses to his requests for admissions.

## DISCUSSION

■ A party may object to a magistrate judge's determination in a discovery dispute. Fed.R.Civ.P. 72(a); Local Civil R. 72.2. "Upon consideration of objections filed ..., a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." Local Civil Rule 72.2(c) (as amended Apr. 10, 2007). The parties agree that "the magistrate judge's decision is entitled to great deference," and will not be disturbed "unless found to be 'clearly erroneous or contrary to law.' " *Neuder v. Battelle Pacific Northwest Nat. Lab.*, 194 F.R.D. 289, 292 (D.D.C.2000). (*See* Pl.'s Mot. for Recons. ("Mot.") at 3; Opp'n at 3.)

■ Here, Graham contends that the defendants' claims of privilege or protection fall short the requirement that they "make the claim expressly and ... describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protections." Fed.R.Civ.P. 26(b)(5). Quoting *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del.1974), for the proposition that a "proper claim of privilege requires a specific designation and description of the documents within the scope as well as precise and certain reasons for pre-

serving their confidentiality," Graham argues that the deletion codes used to justify and describe information redacted from documents produced are inadequate and that the defendants were required to create a log identifying and describing documents. (Mot. at 6, 8.) From that position, he argues that the magistrate judge was without sufficient information to determine that the privilege claims were reasonable, and that her refusal to examine the redacted documents in camera and to sanction the defendants was an abuse of discretion. (Mot. at 6–7, 8.)

■ Graham's argument elevates form over substance. There is no requirement that defendants compile all explanations of privilege or other bases for withholding information in a single log. There is also no need, and the federal rules do not require a defendant, to create a log that describes the author, the date, the type of document, and so on, when the requesting party can see that information simply by looking at the document. Graham has not explained how a log would enhance his ability to challenge the claims made with respect to the redacted documents, and it is not obvious what useful information he expects to gain from a log of partially redacted documents.

■ While he makes categorical claims of inadequacy, Graham has not identified a single specific document as to which he argues that the FBI deletion code used to explain a redaction is inadequate in the context of the document provided. Without some reason to doubt the veracity or accuracy of the defendants' claims of privilege and protection, there is no need for in camera review of the documents. *See Weissman v. Central Intelligence Agency*, 565 F.2d 692, 698 (D.C.Cir. 1977) (stating, in a Freedom of Information Act case, that "only where the record is vague or the agency claims too sweeping or suggestive of bad faith" that an in camera examination is warranted.)

Graham's objection to the defendants' responses to requests for admission does not provide a basis on which to conclude that defendants acted to deceive or otherwise violated the discovery rules. The example Graham provides in his motion [2] does not compel

---

Graham cites as one request for admission this text: "Admit that the alleged potential IOB viola-

the conclusion he urges. Rather, Graham's example suggests that what a disinterested party may view as a vigorous but legitimate defense may appear to an interested party as a disingenuous response.

## CONCLUSION AND ORDER

Because Graham has not shown that Magistrate Judge Robinson's order denying his motion for sanctions and in camera review of the redacted and withheld documents was clearly erroneous or contrary to law, it is hereby

ORDERED that his motion [97] for reconsideration be, and hereby is, DENIED.

tion reported against plaintiff did not involve a systemic or continuous electronic surveillance monitoring by FBI employees. Therefore, no reportable IOB violation occurred." (Mot. at 10.) He argues that the defendants' denial was disingenuous since a government document about " 'surveillance of three telephone lines [concluded] that no monitoring was ever conducted by FBI personnel [and] no United St: Citizens or foreign nationals were ever m tored.' " (Id.)