Gilbert M. GRAHAM, Plaintiff,

v.

Michael MUKASEY et al., Defendants.

Civil Action No. 03–1951 (RWR/DAR).

United States District Court, District of Columbia.

April 3, 2009.

Gilbert M. Graham, Hughesville, MD, pro se.

Benton Gregory Peterson, Assistant United States Attorney, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Pro se plaintiff Gilbert Graham brought this employment discrimination action against the Attorney General and others. He objects to an order by the magistrate judge that denied his motion for additional discovery under Fed.R.Civ.P. 56(f). Because Graham has not shown that the magistrate judge's order was clearly erroneous or contrary to law, Graham's objections have been overruled.

## BACKGROUND

Graham filed this lawsuit alleging seven counts of discrimination against the defendants. Six of Graham's seven counts were dismissed, while one count alleging that the defendants discriminated against Graham by subjecting him to a hostile work environment in retaliation for participation in protected activities survived. After discovery was completed, the defendants moved for summary judgment under Rule 56, arguing that the five bases for Graham's assertion of a retaliatory hostile work environment could not as a matter of law constitute a hostile work environment:

> (a) [Graham] was not afforded "reasonable leave" to work on his EEO complaint; (b) his request for leave was subjected to scrutiny; (c) his reputation was tarnished when he was given a mechanically deficient FBI car; (d) he was told by FBI counsel that he could not publish a document that contained classified information . . .; and (e) he was threatened that he could be prosecuted if he published the classified document.

(Defs.' Mem. in Supp. of Mot. for Summ. J. at 7.) Graham responded by moving for a continuance to obtain discovery under Rule 56(f), arguing that he was denied the

opportunity to conduct discovery necessary to oppose defendants' motion for summary judgment. (Pl.'s Mot. to Continue Pursuant to Rule 56(f) ("Pl.'s Mot. to Continue") at 1.) Defendants opposed Graham's motion for discovery, arguing that the record showed that Graham was given a full and fair opportunity to conduct discovery.

Magistrate Judge Robinson denied Graham's motion to continue, finding that

> Plaintiff has failed to make the showing required by Rule 56(f) of the Federal Rules of Civil Procedure. That rule requires that a party opposing a motion for summary judgment show by affidavit "that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Here, Plaintiff makes no such allegation; rather, Plaintiff appears to invite the court to revisit various prior rulings limiting discovery. *See, e.g.,* Plaintiff's Rule 56(f) Motion at 2–3, 4–12. While Plaintiff submits that he "has been prohibited from obtaining access to all relevant facts required to define the precise formulation of a *prima facie* case . . ., he does not identify any material fact enumerated by Defendants in the statement accompanying their Motion for Summary Judgment which he is unable, by reason of a need for additional discovery, to controvert.

(Order Denying Plaintiff's Mot., July 24, 2008 ("Order") at 1–2.) Graham objects to the Order, arguing that the Order was based on a misunderstanding of the proper scope of discovery to which he was entitled; improperly required Graham to identify material facts he needed more discovery to controvert; was arbitrary; and improperly characterized his request

for a polygraph examination as not a discovery request.[1] (Pl.'s Mem. in Supp. of Pl.'s Mot. for Recons. ("Pl.'s Mem.") at 1.)

### DISCUSSION

■ A party may object to a magistrate judge's determination in a discovery dispute. Fed.R.Civ.P. 72(a); Local Civil Rule 72.2. "Upon consideration of objections filed . . ., a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." Local Civil Rule 72.2(c). A magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, "that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Donohoe v. Bonneville,* 602 F.Supp.2d 1, 2 (D.D.C.2009) (quoting *Moore v. Chertoff,* 577 F.Supp.2d 165, 167 (D.D.C.2008)).

■ A party may respond to a motion for summary judgment by moving for additional discovery. Rule 56(f) requires that the party seeking additional discovery show by affidavit "that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed.R.Civ.P. 56(f); *Bancoult v. McNamara,* 217 F.R.D. 280, 283 (D.D.C.2003) ("A non-moving party seeking the protection of Rule 56(f) must state by affidavit the reasons why he is unable to present the necessary opposing material.") (citation omitted). The party seeking discovery bears the burden of identifying the facts to be discovered that would create genuine issues of materi-

---

1. Graham also argues that the Order improperly made a credibility determination in the defendants' favor by citing the defendant's argument that "nothing in the record indicates that [Graham] was not given a full and fair opportunity to conduct discovery." (Pl.'s Mem. at 5.) However, the Order found that Graham had not made the showing required by Rule 56(f). It made no credibility determinations and did not even comment upon the defendants' argument.

al fact and the reasons why the party cannot acquire those facts without additional discovery. *Byrd v. Environmental Protection Agency,* 174 F.3d 239, 248 n. 8 (D.C.Cir.1999).

■ Graham argues that the Order was based on a misunderstanding and misapplication of the general principle that plaintiffs enjoy liberal discovery of employers' records to document their claims. He asserts that the Order wrongly concluded that his motion for additional discovery sought to revisit prior discovery rulings. Contrary to Graham's assertion, there was nothing erroneous about the finding that Graham's motion for a continuance attempted to revisit previous discovery rulings that did not go his way. Graham's motion objected to, and sought additional discovery for, "defendants' inadequate responses to interrogator[ies] [numbers 3, 10, and 17]," "defendants' inadequate responses" to documents requests 10, 14 and 57, and "defendants' inadequate responses" to requests for admission 24, 164, 167, 169, and 171, and sought an order requiring "additional discovery" regarding those interrogatories and document requests. (Pl.'s Mem. in Supp. of Pl.'s Mot. to Continue at 6–11.) Graham already litigated those very same discovery responses. (*See* Pl.'s Mot. to Determine the Sufficiency of Defs.' Resps. to First Request for Admns., September 11, 2006 [Docket No. 78]; Pl.'s Mot. for Sanctions for Defs.' Noncompliance with the Court's Discovery Order, September 22, 2006 [Docket No. 79]; Pl.'s Mot for Sanctions for Defs.' Noncompliance with the Court's Disc. Orders, November 16, 2006 [Docket No. 91].) Graham objected to one adverse discovery decision, and his objection was overruled. *See Graham v. Mukasey,* 247 F.R.D. 205, 208 (D.D.C.2008). Graham also seeks to serve on defendants additional interrogatories that were previously deemed untimely by Magistrate Judge Robinson. (*See* Pl.'s Mot. for Extension of Time to Complete Disc. and Extend Disc. Limits, June 9, 2006 [Docket No. 62]; Minute Entry of June 12, 2006 Denying in Part Pl.'s Mot.) Thus, the Order did not clearly err by determining that these issues had been previously litigated, and that reviving them does not satisfy his burden under Rule 56(f). *See Pinkerton's Inc. v. Shelly Pinkerton Corp.,* 191 F.3d 453 (6th Cir.1999) (plaintiff prohibited from relitigating discovery issues under Rule 56(f)).

■ Graham argues that the Order was clearly erroneous and arbitrary because it required Graham to specify how his additional requested discovery would controvert the defendants' assertions in their motion for summary judgment. (Pl.'s Mem. at 7.) Graham complains that the Order will "railroad" him by forcing him to oppose "a premature motion for summary judgment before making full discovery." (Pl.'s Mem. at 8.) Rule 56(f) is intended to prevent railroading "a non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Berliner Corcoran & Rowe LLP v. Orian,* 563 F.Supp.2d 250, 253 (D.D.C. 2008) (quoting *Dickens v. Whole Foods Market Group Inc.,* Civil Action No. 01–1054(RMC), 2003 WL 21486821, at *2 n. 5 (D.D.C. March 18, 2003)). However, Graham has had ample opportunity to obtain discovery. Discovery began in February of 2006, and the defendants have produced roughly 5,000 pages of documents. Graham's affidavit reiterates previous discovery disputes that have already been ruled upon, and does not specify beyond mere speculation what additional discovery would divulge and why that material is necessary for Graham to oppose the defendants' motion for summary judgment re-

garding his five bases for alleging a retaliatory hostile work environment.

With respect to the basis that he was not afforded a reasonable amount of administrative leave to work on his EEO claims and that his leave request was scrutinized, the defendants provided affidavits from Graham's immediate supervisor and the assistant Special Agent in Charge that purported to provide a legitimate reason for a denial of Graham's request to take administrative leave. (Def.'s Stmt. of Mat. Facts not in Disp. at ¶¶ 7–13.) Graham's proposed requests for additional discovery do not appear to be geared to produce evidence that pertains to these factual assertions other than "Interrogatory No. 22," an interrogatory that was previously deemed untimely by Magistrate Judge Robinson. In addition, Graham does not specifically describe what facts he expects the answer to that additional interrogatory would provide, other than that it would "reveal triable issues of fact." (*See* Pl.'s Mem. in Supp. of Pl.'s Mot. for Add'l Disc. at 16.) A Rule 56(f) motion for additional discovery is not designed to allow "fishing expeditions," and plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiffs' case. *See Hotel & Rest. Employees Union, Local 25 v. Att'y Gen.*, 804 F.2d 1256, 1269 (D.C.Cir. 1986), *vacated on other grounds*, 808 F.2d 847 (D.C.Cir.1987) ("The procedure [under Rule 56(f) ] is designed to prevent fishing expeditions by narrowing the scope of discovery[.]"); *Cotton v. Wash. Metro. Area Transit Auth.*, Civil Action No. 01–0801(DAR), 2004 WL 473658, at *10 (D.D.C. March 3, 2004) ("Plaintiff has failed to establish any nexus between the depositions Plaintiff wishes to take . . . and the development of 'facts essential to justify the party's opposition[.]' . . . An order allowing discovery pursuant to Rule 56(f) would, in the context of this litigation,

amount to little more than a fishing expedition.") (quoting Rule 56(f)).

With respect to the basis that his reputation was deleteriously affected when the defendants provided him with a mechanically deficient automobile, the defendant provided the affidavit of Graham's immediate supervisor who asserted that Graham was given a different vehicle after he was reassigned because the supervisor needed to maintain the low-mileage vehicles for agents who remained on the squad who were continuing to "work the target." Graham's supervisor's affidavit also explained that the outstanding citations that were issued to the automobile assigned to Graham were investigated and that the defendants decided to pay the citations through a Confidential Services Unit approximately two months after Graham learned of them. In addition, the defendants provided a work order showing that a new battery and a new thermostat were placed in Graham's automobile one week after Graham reported that there was no heat in the car and that it did not start properly, and that on three occasions when Graham complained of problems with the automobile, it was repaired on the same day. (Def.'s Stmt. of Mat. Facts not in Disp. at ¶¶ 14–17.) Graham's proposed requests for additional discovery do not appear to be aimed at producing evidence that pertains to these factual assertions.

Finally, with respect to the basis that he was threatened with prosecution if he released classified information in the context of a separate lawsuit against the defendants and was instructed not to publish such classified information, the defendants provided affidavits from a Supervisory Special Agent in the FBI asserting that Graham was merely informed that he could not release classified information in the course of litigation, and that Graham was required to use redacted versions of

classified letters that he wanted to submit to the court. (Def.'s Stmt. of Mat. Facts not in Disp. at ¶¶ 20–24.) Graham tailors some of his discovery requests to provide information regarding this issue, but Graham does not explain what he believes that he will find if granted his proposed additional discovery, or how the information would rebut the assertions of the defendants. For example, Graham expresses dissatisfaction with the defendants' response to request for admission 171. In that request for admission, Graham asks the defendants to admit that, in 2003, Graham "was threatened with criminal prosecution for any unauthorized disclosure of the reclassified letters concerning his three day suspension." (Pl.'s Mem. at 14.) Defendants denied the request, and Graham wants to obtain "information concerning plaintiff's unauthorized disclosure of reclassified information" from several of defendants' employees. *Id.* However, Graham does not explain what he expects to find, or how it would relate to his case. (*See Reshard v. Peters*, 579 F.Supp.2d 57, 68–69 n. 11 (D.D.C.2008) (plaintiff's motion for additional discovery denied because she did "not identify any probable facts not already available to her that would raise a triable issue of fact, nor [did] she state with specificity how discovery would produce facts to rebut the defendant's summary judgment motion").)

■ Graham argues that the Order clearly erred by determining that Graham's request to conduct a polygraph examination was not a discovery request. He urges that the test could impeach or corroborate the supervisor who stated in an affidavit attached to the defendants' motion for summary judgment that he did not threaten Graham regarding the disclosure of classified information. (Pl.'s Mem. at 10.) However, Graham has made no showing that court-ordered polygraph ex-

aminations are among the discovery tools made available to parties under the federal rules. And even though relevant and discoverable information need not be admissible at trial, Fed.R.Civ.P. 26(b)(1), which polygraph results usually are not, *see, e.g.,* *United States v. Scheffer,* 523 U.S. 303, 309, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (noting about Military Rule of Evidence 707's prohibition against the admission of polygraph evidence that "there is simply no consensus that polygraph evidence is reliable.... [T]he scientific community remains extremely polarized about the reliability of polygraph techniques"); *United States v. Johnson,* 446 F.3d 272, 278 (2d Cir.2006) (stating that "polygraph results are inadmissible as evidence"); *United States v. Prince–Oyibo,* 320 F.3d 494, 501 (4th Cir.2003) (reaffirming the per se ban on polygraph evidence), relevant information must still be reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Graham has made no showing of how polygraph results would meet that test here.

### CONCLUSION AND ORDER

Because Graham has not demonstrated that Magistrate Judge Robinson's Order was clearly erroneous or contrary to law, Graham's objections [116] to the Order denying his motion for additional discovery under Rule 56(f) have been OVERRULED. It is hereby

ORDERED that Graham shall have until May 4, 2009 to file his opposition to the defendants' motion for summary judgment.