Gilbert M. GRAHAM, Plaintiff,

v.

Michael MUKASEY et al., Defendants.

Civil Action No. 03–1951 (RWR/DAR).

United States District Court,
District of Columbia.

April 22, 2009.

Gilbert M. Graham, Hughesville, MD, pro se.

Benton Gregory Peterson, Assistant United States Attorney, Washington, DC, for Defendants.

### MEMORANDUM ORDER

RICHARD W. ROBERTS, District Judge.

Pro se plaintiff Gilbert Graham brought this employment discrimination action against the Attorney General and others. Graham seeks certification of three issues for interlocutory appeal under 28 U.S.C. § 1292(b) following an April 3, 2009 memorandum opinion and order that overruled his objections to a magistrate judge's or-

der denying his motion for additional discovery under Fed.R.Civ.P. 56(f):

- Whether the constitutional requirements of due process may be denied in the absence of complete discovery in a discrimination case.
- Whether, in light of the constitutional issue raised by plaintiff, the Court's refusal to afford plaintiff the right to obtain access to all matters relevant to his claim is a "manifest injustice," giving the appearance of partiality.
- Whether plaintiff's Rule 56(f) affidavit sufficiently demonstrates an entitlement to additional discovery.

(Pl.'s Mem. in Supp. of Mot. for Temporary Stay and Cert. ("Pl.'s Mem.") at 1–2.) Graham also moves for a stay of his obligation to file by May 4, 2009 an opposition to the defendants' motion for summary judgment.

■ A district court may certify an issue for interlocutory appellate review when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *American Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 43 (D.D.C.2007) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F.Supp.2d 16, 20 (D.D.C.2002) (internal citations omitted)). Interlocutory appeals are infrequently allowed. The movant must show that exceptional circumstances justify a departure from the traditional structure of litigation where appellate review is postponed until after the entry of final judgment. *Id.; see also Nat'l Cmty. Reinvestment Coalition v. Accredited Home Lenders Holding Co.*, 597 F.Supp.2d 120, 122 (D.D.C.2009) (denying motion for certification while noting the "high standard required for interlocutory appeal"). A movant must do more than show continued disagreement with the trial court's decision. *American Soc'y for the Prevention of Cruelty to Animals*, 246 F.R.D. at 43 (denying a motion for certification of interlocutory appeal where a movant "simply reiterated its position" in its request for certification). Even "vehement" disagreement with a court's ruling does not establish the substantial ground for difference of opinion sufficient to satisfy the statutory requirements for interlocutory appeal. *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F.Supp.2d 16, 19–20 (D.D.C.2002) (denying certification, discovering only two cases where the standard for certification was met—one case where there was "an apparent inconsistency between a position taken by one panel of the Court of Appeals ... and that set forth in a prior Circuit opinion," and a case where a prior opinion by the court of appeals was inconsistent with the plain language of a statute); *see also Nat'l Cmty. Reinvestment Coalition*, 597 F.Supp.2d at 122 (denying a motion for interlocutory appeal where the movant "simply reiterated its position" and failed to point to a split within the district on the underlying issue).

■ Graham has not shown the presence of a controlling issue of law in this case for which there is a substantial ground for difference of opinion. Graham does not show the existence of any split in this district or this circuit regarding any controlling issue of law in this case, nor does he demonstrate that the April 3, 2009 opinion is contrary to law. Graham argues

that the April opinion was inconsistent with *Berkeley v. Home Ins. Co.*, 68 F.3d 1409 (D.C.Cir.1995). However, *Berkeley* held that the district court did not abuse its discretion by denying the defendant's Rule 56(f) motion because the defendant did not adequately support its motion, and "bare assertions of need [for additional discovery] will not suffice when the record reveals none." *Berkeley*, 68 F.3d at 1415. Graham also argues that the April opinion was inconsistent with the language in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) that a Title VII plaintiff must be afforded a full and fair opportunity to demonstrate pretext. *Burdine* did not involve a motion for additional discovery under Rule 56(f), and the full text of the "full and fair" quote appeared in the discussion of the rationale behind placing on the defendant the burden of coming forward with a nondiscriminatory reason for its actions if a plaintiff alleges a prima facie case under Title VII. *Burdine*, 450 U.S. at 255, 101 S.Ct. 1089. Further, Graham's assertion that he has been denied a reasonable opportunity to conduct discovery merely repeats an argument previously advanced and rejected. *See Graham v. Mukasey*, Civil Action No. 03–1951(RWR), 2009 WL 902302, at *3 (D.D.C. April 3, 2009).

Because Graham has not demonstrated the presence of a controlling issue of law in this case for which there is a substantial ground for difference of opinion, it is hereby

ORDERED that Graham's motion [123] for certification and for a temporary stay be, and hereby is, DENIED.